UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EXAVIER MCCASTER, | ) | |
|       Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-207 RM |
| | ) | (Arising from 3:04-CR-58(01)RM) |
| UNITED STATES OF AMERICA | ) | |
|       Respondent | ) | |

OPINION AND O R D E R

On November 3, 2006, Exavier McCaster applied for a certificate of appealability, a motion for leave to appeal *in forma pauperis*, a motion for appointment of counsel and a motion to acquire transcripts. For the reasons set forth below, the court denies all of the motions.

In September 2004, Mr. McCaster pleaded guilty to distribution of cocaine base and possession of a firearm in furtherance of drug trafficking. On June 8, 2005, the court sentenced Mr. McCaster to 117 months' imprisonment. No notice of appeal was filed within the 10-day period provided for such notice. More than three months passed before Mr. McCaster moved to reopen the time to file a notice of appeal, which was denied; six more months passed before Mr. McCaster filed a petition pursuant to 28 U.S.C.§ 2255. Mr. McCaster's petition presented claims: 1) that his sentence was enhanced based on facts not found by a jury beyond a reasonable doubt; 2) that his attorney at the time of sentencing, Mr. Sanford, did not object to the unreasonableness of the sentence; and 3) neither Mr. Sanford nor the attorney he retained after sentencing, Mr. Kaufman, filed a notice of appeal.

The court appointed Mr. McCaster an attorney and held a hearing on his claims.

At the hearing on September 7, 2006, Mr. McCaster and his former attorney, Mr. Kauffman, provided irreconcilable accounts about whether Mr. McCaster had asked for a notice of appeal to be filed. (After sentencing, Mr. McCaster had no further contact with his previous attorney, Mr. Sanford, and had never asked him to file a notice of appeal on his behalf.) The court did not find Mr. McCaster to be a credible witness at the evidentiary hearing and so chose to credit Mr. Kauffman's testimony to the extent that if conflicted with Mr. McCaster's. Since Mr. McCaster's other two claims also proved to be meritless, the court denied Mr. McCaster's § 2255 petition. Mr. McCaster now wishes to appeal that ruling.

Issuance of a certificate of appealability requires the court to find that Mr. McCaster has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Mr. McCaster must demonstrate the issues he wishes to appeal are "debatable among jurists of reason or that the questions 'deserve encouragement to proceed further'." Porter v. Gramley, 112 F.3d 1308, 1312 (7th Cir. 1997) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). Mr. McCaster hasn't satisfied this standard. As the court stated in its opinion denying Mr. McCaster's § 2255 petition, the first two contentions raised by Mr. McCaster are meritless. Mr. McCaster stipulated to the drug quantity on which his sentence was based (and the court treated the sentencing guidelines as advisory), and the court imposed the sentence Mr. McCaster asked for (a sentence

at the low end of the range). Therefore, his sentence was neither unconstitutionally calculated nor objectionable as unreasonable. The court conducted an evidentiary hearing on the claim that Mr. Kaufman failed to file a notice of appeal, and, after weighing the demeanor and credibility of the witnesses, ultimately found against Mr. McCaster. *See* Casteneda v. U.S., 2005 WL 2136208 (N.D. Ind. 2005). Mr. McCaster's has not met the "substantial showing" necessary to receive a certificate of appealability.

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). Because no reasonable person could find that Mr. McCaster's appeal has any merit, the court concludes that his appeal is not taken in good faith, and his request for pauper status must be denied. Since Mr. McCaster's request for a certificate of appealability is denied, no motion pends to justify his request for transcripts or appointment of counsel.

Based on the foregoing, Mr. McCaster's application for a certificate of appealability (Doc. No. 76), motion for leave to proceed on appeal *in forma pauperis* (Doc. No. 79), motion to acquire transcripts (Doc. No. 78) and motion for appointment of counsel (Doc. No. 77)are DENIED.

SO ORDERED.

ENTERED:  November 17, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: E. McCaster
    D. Schmid